**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-03178-NYW

S.E.S.,[1]

      Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,[2]

      Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This civil action arises under Title II of the Social Security Act (the "Act)" for review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denying Plaintiff S.E.S.'s ("Plaintiff") application for Disability Insurance Benefits ("DIB").  For the reasons set forth below, the Court respectfully **AFFIRMS** the Commissioner's decision.

## BACKGROUND

### I.    Factual Background

Plaintiff alleges that he has been disabled since December 13, 2021.  [Doc. 9 at 67].[3]  He previously worked as a construction laborer, gardener, and sprinkler installer.

---

[1] The Local Rules for this District provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."  D.C.COLO.LAPR 5.2(b). Accordingly, this Court refers to Plaintiff using his initials only.

[2] Under Fed. R. Civ. P. 25(d), Commissioner Bisignano is automatically substituted in as the Defendant in this matter.

[3] When citing to the Administrative Record, the Court cites to the docket number assigned by the CM/ECF system and the page number associated with the Administrative Record, which is found in the bottom right-hand corner of each page.  For all other documents,

[*Id.* at 276].   The administrative record indicates that Plaintiff has received medical treatment for a hernia, carpal tunnel syndrome, and knee and foot issues.

Plaintiff underwent surgery to repair an inguinal hernia in December 2021.  [*Id.* at 466, 474].  There is no record evidence that Plaintiff sought additional treatment for the hernia.  In February 2024, he testified that the hernia now causes him pain "[e]very now and then."  [*Id.* at 32, 54–55].

In March 2022, Plaintiff sought treatment for numbness and tingling in his hands and fingers.  [*Id.* at 426–27].  He was diagnosed with carpal tunnel syndrome and underwent release surgery on his left hand in August 2022.  [*Id.* at 395, 424, 428].  He testified in 2024 that he "can't really squeeze" his left hand and that his doctor wants him to undergo surgery to address tingling in his right hand.  [*Id.* at 45–46].

Plaintiff also underwent left knee surgery more than 15 years before the alleged disability onset date.  [*Id.* at 348].  In July 2022, Plaintiff sought emergency care for his left knee after he tripped on a rock and twisted his knee.  [*Id.*].  The knee was swollen, but he had a normal (albeit painful) range of motion.  [*Id.* at 348–50].  In January 2024, Plaintiff sought treatment for back pain and left knee pain.  [*Id.* at 344].  Imaging revealed that a screw in Plaintiff's knee from the prior surgery had fractured.  [*Id.* at 448].  The physician also observed that Plaintiff suffered from osteoarthritis in his left knee and foot. [*Id.* at 448–49].  Plaintiff testified to the ALJ that his doctor has not recommended surgery for the broken screw, but that he experiences frequent knee pain and swelling.  [*Id.* at 48–50].

---

the Court cites to the docket and page number generated by the CM/ECF system, rather than the page numbers assigned by the Parties.

## II.    Procedural Background

Plaintiff applied for DIB on December 13, 2021.  [*Id.* at 17, 197].  After a hearing, the ALJ denied Plaintiff's application, [*id.* at 17–24], and the Social Security Administration's Appeals Council denied his request for review, [*id.* at 1–3].  The Parties do not dispute that Plaintiff exhausted his administrative remedies prior to seeking judicial review.  *See* [Doc. 11].  This matter is fully briefed and ripe for review.  [Doc. 10; Doc. 11; Doc. 12].

## LEGAL STANDARD

An individual is eligible for DIB under the Act if he is insured, has not attained retirement age, has filed an application for DIB, and is disabled as defined in the Act. 42 U.S.C. § 423(a)(1).  For purposes of DIB, the claimant must prove that he was disabled prior to his date last insured.  *Flaherty v. Astrue*, 515 F.3d 1067, 1069 (10th Cir. 2007).

An individual is disabled for purposes of the Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).  The disabling impairment must last, or be expected to last, for at least 12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002); *see also* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509.  When a claimant has one or more physical or mental impairments, the Commissioner must consider the combined effects in making a disability determination.  42 U.S.C. § 423(d)(2)(B).

The Commissioner has developed a five-step evaluation process for determining whether a claimant is disabled under the Act.  20 C.F.R. § 404.1520(a)(4).  These steps are:

1.  Whether the claimant has engaged in substantial gainful activity;

2.  Whether the claimant has a medically severe impairment or combination of impairments;

3.  Whether the claimant has an impairment that meets or medically equals any listing found at Title 20, Chapter III, Part 404, Subpart P, Appendix 1;

4.  Whether the claimant has the Residual Functional Capacity ("RFC") to perform his past relevant work; and

5.  Whether the claimant can perform work that exists in the national economy, considering the claimant's RFC, age, education, and work experience.

*See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir. 1988) (describing the five steps in detail).  "The claimant bears the burden of proof through step four of the analysis[,]" while the Commissioner bears the burden of proof at step five.  *Neilson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

In reviewing the Commissioner's final decision, the Court limits its inquiry to whether substantial evidence supports the final decision and whether the Commissioner applied the correct legal standards.  *See Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Flaherty*, 515 F.3d at 1070 (quotation omitted); *see also Musgrave v. Sullivan*, 966 F.2d 1371, 1374

4

(10th Cir. 1992) ("Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."). "But in making this determination, [the Court] cannot reweigh the evidence or substitute [its] judgment for the administrative law judge's." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).

**ANALYSIS**

Plaintiff challenges the ALJ's RFC determination at step four. *See* [Doc. 10 at 10–14]. There, the ALJ found that Plaintiff has the capacity to perform "light" work. [Doc. 9 at 20]. Among other things, the ALJ defined light work to include sitting for approximately six hours in an eight-hour workday, standing for approximately four hours of an eight-hour workday, and lifting and carrying 20 pounds occasionally and 10 pounds frequently. [*Id.* (citing 20 C.F.R. § 416.967(b))]. The ALJ reached this conclusion based on Plaintiff's hearing testimony and medical records. [*Id.* at 20–22]. The ALJ noted that two state-agency physician consultants did not provide opinions relevant to the RFC because they lacked sufficient evidence to form an opinion. [*Id.* at 22]. Those physicians—Dr. Glenn Gade and Dr. Jeffrey Holtgrewe—conducted their reviews in 2022, during Plaintiff's administrative proceedings. [*Id.* at 70–73, 75–78]. Dr. Gade and Dr. Holtgrewe explained that Plaintiff had not returned certain forms to them or otherwise responded to their attempts to contact him, which prevented them from completing their evaluations. *See* [*id.* at 72, 76–77]. Notwithstanding Dr. Gade's and Dr. Holtgrewe's inability to complete their evaluations, the ALJ asked Plaintiff's counsel at the hearing whether the record was "complete," and Plaintiff's counsel confirmed that it was. [*Id.* at 34].

Plaintiff now argues that, absent a medical opinion regarding his RFC, the ALJ's RFC determination is not supported by substantial evidence. [Doc. 10 at 10–14]. Plaintiff

contends that the ALJ had a duty to "fully develop[] the record by obtaining a medical opinion that considered all of Plaintiff's records before determining Plaintiff's RFC." [*Id.*]. Instead, Plaintiff alleges, the ALJ improperly substituted his own non-medical judgment when he was required to obtain at least one medical opinion, specifically one derived from a consultative examination. *See* [*id.*]; *see also* [Doc. 12]. The Commissioner responds that the ALJ's duty to develop the record did not require him to order an additional examination after Plaintiff's counsel represented that the record was complete. [Doc. 11 at 7–8]. In any case, the Commissioner explains, an RFC is an administrative (as opposed to medical) determination, so the ALJ properly assessed Plaintiff's RFC without medical opinions. [*Id.* at 8–11]. And because the ALJ's RFC determination is supported by substantial evidence, the Commissioner urges the Court to affirm the ALJ's decision. [*Id.* at 4–7, 11].

Plaintiff is correct that an ALJ has a duty to exercise "reasonable good judgment" to "fully and fairly develop[] the record as to material issues." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) (quotation omitted). When a party is represented, however, "the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Id.* at 1167. Thus, if counsel fails to request a consultative examination, the ALJ has no duty to order one unless the need for such examination is "clearly established in the record." *Id.* at 1168. A consultative examination may be required where the medical evidence is conflicting or inconclusive, or where additional tests are needed to explain a diagnosis. *Jazvin v. Colvin*, 659 F. App'x 487, 489 (10th Cir. 2016) (citing *Hawkins*, 113 F.3d at 1164) (further citations omitted). "But there is no need for a consultative examination when the ALJ has enough information to make a

6

disability determination." *Id.* (citing *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008)). And if the need for a consultative examination is not clearly established, the ALJ's duty to develop the record "does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).

Plaintiff fails to demonstrate that the need for a consultative examination was clearly established in the record. Plaintiff suggests that the absence of any medical opinions on his residual functions should have triggered the ALJ to order a consultative examination rather than relying on "his own lay assessment of the medical records." [Doc. 10 at 11–12]. But as the Commissioner points out, the ALJ did not need specific medical opinions at step four because a patient's RFC is an administrative, not medical, determination. [Doc. 11 at 9–10]. "The ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (cleaned up). So "there is no requirement . . . for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Id.* In other words, the lack of RFC-specific medical opinions does not undercut the ALJ's RFC determination so long as his decision was otherwise supported by substantial evidence. *See, e.g.*, *Colby V.W. v. Kijazaki*, No. 2:21-cv-00622-JCB, 2022 WL 2953909, at *3–4 (D. Utah July 26, 2022) (affirming ALJ's RFC assessment formulated from medical records, including treatment notes, even though no medical opinions were on point); *Sardono v. Colvin*, No. 15-cv-00291-W, 2016 WL 1618271, at *4–5 (W.D. Okla. Mar. 11, 2016) (rejecting argument that ALJ should have ordered a post-

7

surgery consultative examination where ALJ had sufficient information from pre-surgery examinations and post-surgery treatment records to determine claimant's RFC), *recommendation adopted*, 2016 WL 1599497 (W.D. Okla. Apr. 20, 2016).

Substantial evidence supports the ALJ's RFC determination in this case. The ALJ reviewed Plaintiff's medical records in detail, including both Plaintiff's reports of his symptoms and the testing and treatment notes. *See* [Doc. 9 at 20–22]. The ALJ observed that Plaintiff "has retained an intact and independent gait in appointments" despite his foot and knee problems, and that Plaintiff's "providers have noted good strength in his upper extremities" despite his carpal tunnel syndrome. [*Id.* at 22]. These treatment records were consistent with Plaintiff's hearing testimony that he is still able to walk to and from the bus stop, carry groceries, and perform other basic tasks. [*Id.*]; *see also* [*id.* at 53–54]. This is sufficient evidence for a reasonable mind to accept that Plaintiff retains the capacity to perform light work as defined in the ALJ's order and applicable regulations. *See Flaherty*, 515 F.3d at 1070.

Because the medical records and hearing testimony provided substantial evidence to support an RFC determination, the ALJ did not err by failing to order an additional consultative examination. *Jazvin*, 659 F. App'x at 489. Nor has Plaintiff otherwise shown that the medical evidence before the ALJ was conflicting or inconclusive such that the need for an additional examination was clearly established. *See Hawkins*, 113 F.3d at 1168. As explained above, no RFC-specific medical opinions were required. And because no such opinions existed in the record, the ALJ properly relied on available evidence to determine Plaintiff's RFC as an administrative matter. That distinguishes this case from cases where an ALJ improperly disregarded a medical opinion or made a

medical determination by substituting his own judgment for that of a medical expert. *See* [Doc. 10 at 13 (collecting cases)]. At bottom, the fact that no consultative physician opinions exist is solely attributable to Plaintiff—due to both his failure to respond to Dr. Gade's and Dr. Holtgrewe's contact attempts and his counsel's failure to request another examination before the ALJ issued his decision. Given the substantial evidence supporting the ALJ's decision, Plaintiff cannot obtain a second bite at the apple by invoking the ALJ's duty to develop the record.

## CONCLUSION

The decision of the Commissioner is respectfully **AFFIRMED**.

DATED: April 22, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge